**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| SAMARE ALI,<br><br>                                    Petitioner,<br><br>v.<br><br>WARDEN Jeremy Casey, et al.,<br><br>                                    Respondents. | Case No.:  3:26-cv-01699-RBM-VET<br><br>**ORDER GRANTING IN PART AMENDED PETITION FOR A WRIT OF HABEAS CORPUS**<br><br>**[Doc. 8]** |

Pending before the Court is Petitioner Samare Ali's ("Petitioner") Amended Petition for a Writ of Habeas Corpus ("Amended Petition") pursuant to 28 U.S.C. § 2241.  (Doc. 8.)  For the reasons set forth below, the Amended Petition is **GRANTED IN PART**.

## I.      BACKGROUND

**A.      Factual Background**

Petitioner, a native of Togo, "entered the United States seeking asylum on January 3, 2025."  (Doc. 8 at 2.)  "He was immediately detained by border patrol officers and has been in immigration detention since."  (*Id*.)  Petitioner has now been detained for over 15 months at the Imperial Regional Detention Facility.  (*Id*.)

Petitioner alleges that his "asylum proceedings have been severely delayed because

1

the immigration court has failed to provide him with a Moba interpreter at every one of his court appearances." (*Id*.) Petitioner further alleges that he is "struggling with the conditions of confinement" due to the lack of medical resources needed to treat his broken ankle, and is also "struggling psychologically." (*Id*. at 2–3.)

**B. Procedural Background**

Petitioner, proceeding *pro se*, commenced this action by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. 1.) On March 23, 2026, the Court issued an order: (1) granting Petitioner leave to proceed *in forma pauperis*; (2) appointing Federal Defenders of San Diego, Inc. as counsel; and (3) setting a briefing schedule which allowed Petitioner to file an amended petition. (Doc. 5 at 2–3.) On April 1, 2026, Petitioner, by and through counsel, filed the Amended Petition. (Doc. 8.) Respondents filed a Response to Petition on April 10, 2026. (Doc. 9.) Petitioner filed a Traverse in Support of the Amended Petition ("Reply") that same day. (Doc. 10.)

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.   DISCUSSION

Petitioner claims his immigration detention has become unreasonably prolonged in violation of the Fifth Amendment's Due Process Clause (Doc. 8 at 7–10.) Respondents "acknowledge[ ] that courts in this District have repeatedly inferred a constitutional right against prolonged mandatory detention," and "concede[ ] that this Court should order that

3:26-cv-01699-RBM-VET

Petitioner receive a bond hearing, where the government would bear the burden of proof of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight." (Doc. 9 at 2 (citations omitted).) However, Petitioner argues that "immediate release is the proper remedy given the reason for his unreasonably prolonged detention of fifteen months." (Doc. 10 at 2 (emphasis removed).)

The Court has granted petitions filed by similarly situated petitioners and "join[ed] the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process." *Khadka v. Otay Mesa Det. Ctr.*, No. 3:26-CV-00475-RBM-MMP, 2026 WL 800177, at *3 (S.D. Cal. Mar. 23, 2026); *see Malyshko v. Warden, Otay Mesa Det. Ctr.*, Case No.: 3:26-cv-00069-RBM-SBC, 2026 WL 252367, at *4 (S.D. Cal. Jan. 30, 2026) (quoting *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020)); *Xie v. LaRose*, Case No.: 3:26-cv-00529-RBM-DDL, 2026 WL 549909, at *2 (S.D. Cal. Feb. 27, 2026) (quoting the same); *Zhakuov v. Noem*, Case No. 3:26-cv-00288-RBM-DDL, 2026 WL 517981, at *2 (S.D. Cal. Feb. 25, 2026) (same); *Hussain v. LaRose*, Case No.: 3:26-cv-00194-RBM-MSB, 2026 WL 206715, at *2 (S.D. Cal. Jan. 27, 2026) (same). In *Khadka*, the Court applied the test set forth in *Kydyrali* and found most factors weighed in favor of finding that a petitioner's 15 month detention under § 1225(b) had become unreasonably prolonged. 2026 WL 800177, at *3–4 (citing *Kydyrali*, 499 F. Supp. 3d at 773); *see Sibomana v. LaRose*, Case No.: 3:22-cv-933-LL-NLS, 2023 WL 3028093, at *4 (S.D. Cal. Apr. 20, 2023) ("In general, as detention continues past a year, courts become extremely wary of permitting continued custody absent a bond hearing.") (citation omitted).

Like the petitioner in *Khadka*, Petitioner has been detained for over 15 months since his initial entry into the United States and his asylum application remains pending. Petitioner also claims that his "asylum proceedings have been severely delayed because the immigration court has failed to provide him with a Moba interpreter at every one of his court appearances." (Doc. 8 at 2.) Such a delay "is attributable to the Government, not [P]etitioner." *Banda*, 385 F. Supp. 3d at 1120 (finding a delay due to the lack of an

appropriate interpreter weighed in favor of granting the petitioner a bond hearing). The Court therefore adopts its reasoning in *Khadka* and applies it here. For those same reasons, the Court finds that "Petitioner's detention under § 1225(b) has become unreasonably prolonged and due process therefore requires that he be provided with a bond hearing." 2026 WL 800177, at *5. The Court therefore finds that Petitioner is entitled to a bond hearing and **GRANTS** the Amended Petition on this ground.

While Petitioner seeks his immediate release, the Court finds it appropriate to hold a bond hearing to determine the conditions of his potential release. Petitioner argues that the Court should order his immediate release because an immigration judge will not be a neutral decisionmaker. (Doc. 8 at 10–16.) The Court "declines to address the issues raised by Petitioner regarding the neutrality of immigration courts generally." *Sandesh v. LaRose*, Case No.: 26-cv-0846-JES-DDL, 2026 WL 622690, at *5 (S.D. Cal. Mar. 5, 2026). "It is axiomatic that the IJ must apply the proper legal standard to effectuate this Court's order for a bond hearing." *Id.* Indeed, "[d]istrict courts are better positioned to review the implementation of their orders in cases such as this after the bond hearing has occurred, so that the complete record in the case may be fairly evaluated." *Id.* (citing *Judulang v. Chertoff*, 562 F. Supp. 2d 1119, 1126 (S.D. Cal. 2008)).

## IV.    CONCLUSION

For the foregoing reasons, the Petition (Doc. 1) is **GRANTED IN PART**. To the extent that Petitioner requests to be released from custody, the Petition is **DENIED**. Accordingly, the Court further **ORDERS** as follows:

1. Respondents are **ORDERED** to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) **within ten (10) days** of the entry of this Order to determine whether his continued detention is warranted.

2. At the bond hearing, Respondents **SHALL** bear the burden of establishing by clear and convincing evidence that Petitioner poses a danger to the community or a risk

3:26-cv-01699-RBM-VET

of flight.[1]

3. Respondents **SHALL NOT** deny Petitioner's bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.

4. If the bond hearing is not conducted within ten days of the entry of this Order, Respondents shall release Petitioner from custody until it is determined that his detention is warranted under § 1226(a).

5. Respondents **SHALL FILE** a status report **within 5 days** of providing Petitioner with a bond hearing indicating whether and when Petitioner received a bond hearing, and the outcome of that bond hearing.

6. Respondents **SHALL** make a complete record of the bond hearing available to Petitioner and his counsel.

**IT IS SO ORDERED**.

DATE:  April 13, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[1] *See Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1095 (S.D. Cal. 2025) ("Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released.") (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond").